Filed 12/1/23  P. v. Reynolds CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062226 |
| v. | (Super. Ct. No. 14WF3283) |
| CHRISTINE MARIE REYNOLDS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Patrick H. Donahue, Judge.  Affirmed as modified.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Paige Hazard and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.

Penal Code section 1385 authorizes trial judges to dismiss a criminal action in the furtherance of justice.[1] Throughout the long history of the statute, the Legislature has largely refrained from dictating how that authority should be exercised. However, that changed in 2021, with the passage of Senate Bill No. 81 (SB 81). (Stats. 2021, ch. 721, § 1.) SB 81 amended section 1385 to include a list of mitigating circumstances which judges must consider in deciding whether to dismiss a sentencing enhancement in the furtherance of justice. The statute also cites public safety as a potential factor bearing on that decision.

In this case, the third mitigating circumstance listed in section 1385 is present in that "application of an enhancement could result in a sentence of over 20 years." (§ 1385, subd. (c)(2)(C).) We must decide if this circumstance mandates dismissal of the enhancement unless the trial court finds dismissal would endanger public safety. That issue has divided the courts of appeal and is currently before the Supreme Court in *People v. Walker* (2022) 86 Cal.App.5th 386, review granted Mar. 22, 2023, S278309 (*Walker*) and *People v. Ortiz* (2023) 87 Cal.App.5th 1087, review granted Apr. 12, 2023, S278894 (*Ortiz*).

We agree with *Ortiz* that considerations other than public safety can justify denying a request to dismiss an enhancement in the furtherance of justice. Therefore, the trial court's failure to consider the issue of public safety in this case is not grounds to disturb its refusal to dismiss appellant's sentence enhancement. Although the abstract of judgment must be modified to correct an undisputed clerical error, we thus affirm the judgment in all other respects.

FACTUAL AND PROCEDURAL BACKGROUND

In 2015, appellant was convicted of first degree premeditated murder for fatally shooting her 96-year-old mother in the forehead during an unprovoked incident at

---

[1] All further statutory references are to the Penal Code.

their home in Rossmoor.  The trial court sentenced appellant, then age 72, to prison for 50 years to life, representing 25 years to life for the murder, plus a 25-year-to-life enhancement for causing death with a firearm pursuant to section 12022.53, subdivision (d).  We affirmed the judgment on appeal.  (*People v. Reynolds* (June 26, 2017, G052948) [nonpub. opn.] (*Reynolds I*).)

Following our affirmance, the Legislature modified section 12022.53 to allow trial courts to dismiss a firearm enhancement in the furtherance of justice under section 1385.  (§ 12022.53, subd. (h).)  Appellant then moved to dismiss her firearm enhancement, but the motion was denied, and we affirmed that decision on appeal.  (*People v. Reynolds* (Feb. 25, 2020, G056849) [nonpub. opn.] (*Reynolds II*).)  In so doing, we also ruled the trial court lacked the authority to reduce the enhancement to a lesser included one.  (*Ibid*.)

However, the California Supreme Court granted appellant's petition for review on the enhancement-reduction issue and subsequently decided in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*) that trial courts do have the power to reduce a firearm enhancement imposed pursuant to section 12022.53, subdivision (d).  Therefore, the Supreme Court transferred the case back to us with directions to vacate our decision in *Reynolds II* and reconsider the cause in light of *Tirado*.

In our new opinion, *Reynolds III*, we again found no abuse of discretion in the trial court's refusal to strike appellant's firearm enhancement.  (*People v. Reynolds* (June 30, 2022, G056849) [nonpub. opn.].)  However, we conditionally reversed the judgment and remanded so the trial court could consider whether a reduction of the enhancement was warranted.  (*Ibid*.)

By that time, Legislature SB 81 was in full force and effect.  On remand, appellant argued that new law required the trial court to dismiss her firearm enhancement because its application would result in a sentence of over 20 years.  Alternatively,

3

appellant asked the court to reduce her enhancement, per *Tirado*. The prosecution opposed both requests. It argued appellant was undeserving of leniency because she executed her elderly mother in cold blood without any provocation or remorse.

Ultimately, the court determined the ends of justice would not be furthered by dismissing the enhancement. To the contrary, the court found dismissal would undermine the very purpose of section 12022.53, which is to deter people from, and punish people for, committing serious crimes with a firearm. Therefore, it refused to dismiss the enhancement outright. Nevertheless, because appellant had no criminal record before this case arose, the court reduced her sentence on the enhancement to 20 years to life pursuant to section 12022.53, subdivision (c). Thus, appellant's aggregate prison sentence currently stands at 45 years to life.

## DISCUSSION

Appellant contends the trial court erred in failing to dismiss her firearm enhancement altogether. In her view, dismissal was compelled because the trial court did not find (nor could it find in light of her age and base prison term of 25 years to life) that dismissal would endanger public safety. We disagree.

With the passage of SB 81, the Legislature transformed section 1385 from a short, simple statute into a sprawling decree populated with multiple codicils and subparts. As before, subdivisions (a) and (b) authorize the trial court to dismiss an action or enhancement in furtherance of justice. But now the statute contains a new subdivision – subdivision (c) – which provides as follows:

"(c)(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of

4

the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.

"(A) Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745.

"(B) Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed.

"*(C) The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed.*

"(D) The current offense is connected to mental illness.

"(E) The current offense is connected to prior victimization or childhood trauma.

"(F) The current offense is not a violent felony as defined in subdivision (c) of Section 667.5.

"(G) The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case.

"(H) The enhancement is based on a prior conviction that is over five years old.

"(I) Though a firearm was used in the current offense, it was inoperable or unloaded."  (Italics added.)

Along with subdivision (c)(2)(B) of the statute, subdivision (c)(2)(C) stands out from the rest of the mitigating circumstances because it states the enhancement "shall be dismissed" if that subdivision applies.  Relying on *Walker, supra*, appellant

5

argues that means dismissal is required unless the trial court finds the dismissal would endanger public safety.

In *Walker*, the court rejected the defendant's contention the "shall be dismissed" language in subdivision (c)(2)(B) of section 1385 required the dismissal of all enhancements beyond a single enhancement when the mitigating circumstance of multiple enhancements existed. While recognizing that use of the term "shall" in a statute generally signals a mandatory duty, the court determined that, when viewed in the context of section 1385 as a whole, the term simply created a rebuttable presumption that dismissal would further the ends of justice. (*Walker, supra*, 86 Cal.App.5th at pp. 396-398.) Therefore, the presence of the multiple enhancement circumstance did not, in and of itself, compel a dismissal. (*Ibid*.; accord, *People v. Mendoza* (2023) 88 Cal.App.5th 287, 297; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15-21; *People v. Anderson* (2023) 88 Cal.App.5th 233, 241, review granted April 19, 2023, S278786.)

That part of the *Walker* decision does not help appellant's cause. However, the *Walker* court went on to conclude that, when the presumption favoring dismissal arises, dismissal is required unless the court finds it would endanger public safety. (*Walker, supra*, 86 Cal.App.5th at pp. 398-399.) In other words, consideration of public safety is necessary to defeat a request to dismiss an enhancement that is otherwise subject to dismissal under section 1385, subdivision (c)(2).

*Ortiz, supra*, reached a different conclusion on that point. Based on the legislative history of SB 81, it found section 1385, subdivision (c)(2) "reflects a legislative recognition that a trial court's exercise of sentencing discretion involves more than a strictly binary weighing of mitigation against public safety. '[G]enerally applicable sentencing principles' relevant to a court's determination of whether dismissal is in furtherance of justice 'relat[e] to matters such as the defendant's background, character, and prospects.' [Citation.] Those principles require consideration of

6

circumstances in mitigation (and aggravation) in the broader context of the recognized objectives of sentencing, which are not limited to public safety." (*Ortiz, supra*, 87 Cal.App.5th at p. 1097.) Therefore, when a mitigating circumstance under section 1385, subdivision (c)(2) is present, the trial court may consider countervailing factors other than the danger to public safety in determining whether to dismiss an enhancement in the interest of justice. (*Id*. at p. 1098.)

As we noted at the outset, the Supreme Court is considering, and will have the final word on, whether *Walker* or *Ortiz* is correct on this particular point of law. However, we believe *Ortiz* is a better analysis because it is consistent with the legislative history of SB 81 and takes a more holistic approach to the issue. It recognizes that the touchstone of section 1385 is, and has always been, the interests of justice. (*Ortiz, supra*, 87 Cal.App.5th at p. 1098.) Therefore, if aggravating factors other than the concern for public safety indicate dismissal would not further the ends of justice, the trial court may properly refuse to dismiss an enhancement, despite the presence of mitigating circumstances under section 1385, subdivision (c)(2). (*Ibid*.)

This is true even if, as here, the applicable mitigating circumstance is couched in mandatory language. Although section 1385, subdivision (c)(2)(C) states an enhancement that increases the defendant's sentence over 20 years "shall be dismissed," that does not mean dismissal is required absent a finding dismissal would endanger public safety. As explained recently in *People v. Mazur* (Nov. 21, 2023, D081331) __ Cal.App.5th __, __ [2023 WL 8044849] (*Mazur*), "the 'endanger public safety' language [in section 1385, subdivision (c)(2)] pertains only to the *weight* a trial court must give to the mitigating circumstances. Subdivision (c)(2) states that, absent a finding that dismissal 'would endanger public safety,' the presence of *any* 'one or more' of the listed mitigating circumstances 'weighs greatly' in favor of dismissal. [Citation.] Conversely, if the court finds that dismissal *would* endanger public safety, then it need *not* give great

7

weight to the presence of any mitigating circumstance.  In either case, however, the court must apply the controlling 'furtherance of justice' standard.  [Citation.]"

Under appellant's construction of section 1385, "we would have to construe the phrase 'weighs greatly' to mean 'weigh[s] *dispositively*' for the two mitigating circumstances listed in subdivisions (c)(2)(B) and (c)(2)(C), but not for the other seven mitigating circumstances.  [Citation.]  'But that is not what the statute says, and we are not allowed to rewrite the statute.'  [Citation.]" (*Mazur, supra*, __ Cal.App.5th at p. __.) "The 'endanger public safety' language applies only as an exception to the requirement that the court must give 'great weight' to the presence of any mitigating circumstance. [Citation.]  But the controlling 'furtherance of justice' standard is broader and allows the court to consider factors beyond public safety in exercising its discretion whether to dismiss an enhancement, including the nature and circumstances of the crimes and the defendant's background, character, and prospects.  [Citation.]" (*Id*. at p. __.)

This interpretation of section 1385 does not render the "shall be dismissed" language of subdivision (c)(2)(C) meaningless.  Rather, that "language clarifies that the court must dismiss the charged enhancement if it exercises its discretion to do so, and it cannot simply strike the punishment or the portion of the punishment that would result in a sentence over 20 years." (*Mazur, supra*, __ Cal.App.5th at p. __; accord, *People v. Ponder* (2023) 96 Cal.App.5th 1042.)

Here, the trial court denied appellant's request to dismiss her firearm enhancement because it believed a dismissal would undermine the purpose of the enhancement and defeat, not further, the ends of justice.  Appellant does challenge that finding.  Rather, her sole complaint is that the court did not go far enough, and by not expressly considering whether dismissal would endanger public safety, it misconstrued section 1385 and abused its discretion.  For the reasons explained above, we disagree. Because the trial court reasonably concluded the interests of justice would not be served

8

by dismissing appellant's enhancement, the public safety issue is of no moment, and there is no basis to disturb the trial court's ruling.

That said, the parties agree the amended abstract of judgment does not reflect the correct date appellant was resentenced. We will modify the abstract to correct this error. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate courts have the authority to correct clerical errors in the abstract of judgment].)

## DISPOSITION

The abstract of judgment is modified to reflect appellant was resentenced on January 13, 2023. The clerk of the trial court shall prepare an amended abstract of judgment to reflect this modification and send a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

9